**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Michael Capuano; Desiree Capuano, ) | No. CV-11-02395-PHX-JAT |
| Plaintiffs, ) | **ORDER** |
| vs. ) |  |
| Kenneth Eisen & Associates, Limited, ) |  |
| Defendant. ) |  |

Pending before the Court is Plaintiffs' Motion for Leave to Amend Their First Amended Complaint. (Doc. 28).[1]

**I.   BACKGROUND**

Plaintiff Michael Capuano filed a Complaint on December 5, 2011. (Doc. 1). Defendant answered on December 29, 2011. (Doc. 7). The Court issued a Scheduling Order on February 27, 2012. (Doc. 13). That Order included a deadline to amend the Complaint of April 13, 2012. (*Id.* at 2). The parties stipulated to allow Plaintiff Michael Capuano to amend his Complaint to include Plaintiff Desiree Capuano (Doc. 16), and Plaintiffs subsequently filed the First Amended Complaint on April 4, 2012. (Doc. 17). Defendant answered on April

---

[1] The Court notes the Plaintiffs requested oral argument. That request is denied because the briefing is adequate and oral argument would not aid the decisional process of the Court. *See* Fed.R.Civ.P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). The Court now rules on the motion.

13, 2012. (Doc. 19). The parties began discovery and, based on that discovery, Plaintiffs filed the Motion for Leave to Amend Their First Amended Complaint currently pending before the Court. (Doc. 28).

## II.   RULE 16

### A.   Legal Standard

Rule 16 states that a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). For purposes of the rule, "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed.1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

> To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.

*Morgal v. Maricopa County Bd. of Supervisors*, 07-CV-0670-PHX-RCB, 2012 WL 2029719 (D. Ariz. June 6, 2012) (quoting *Grant v. United States*, 11–CV–00360 LKK, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), adopted, 11-CV-0360-LKK, 2012 WL 218959, at *1 (E.D. Cal. Jan. 23, 2012) (other citation omitted)).

With respect to the interplay between Rules 16 and 15(a), "[a]s the Ninth Circuit explained in *Johnson*, once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see also Coleman v. Quaker Oats* Co.,

232 F.3d 1271, 1294 (9th Cir. 2000). Moreover, a district court may deny as untimely an amendment motion filed after the scheduling order's cut-off date where no request to modify the order has been made. *Johnson*, 975 F.2d at 608-09. "If [the court] considered only Rule 15(a) without regard to Rule 16(b), it would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Accordingly, the Court will first evaluate Plaintiffs' Motion for Leave to Amend under Rule 16, and then, under Rule 15(a).

### B. Discussion

This Court issued a Scheduling Order on February 27, 2012. (Doc. 13). That Order set a deadline for motions to amend the Complaint of April 13, 2012. (*Id.* at 2). Plaintiffs' Motion to Amend was filed on May 10, 2012. A party seeking leave to amend their complaint after the deadline contained in a scheduling order has passed should first move the court to modify that scheduling order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992) (explaining that the Ninth Circuit Court of Appeals does not view a motion to amend the complaint as a motion to modify the scheduling order). Although Plaintiffs' request to modify the Scheduling Order is not as clear as it might be, the Court is persuaded that Plaintiffs have actually requested a modification. Accordingly, the Court must now decide if Plaintiffs have shown good cause to modify the Scheduling Order.

### i. Diligence in Creating Rule 16 Order

There is nothing to suggest that Plaintiffs were not diligent in assisting the court in creating a workable Rule 16 order, nor does Defendant argue this point.[2] The record shows that Plaintiffs participated in a telephonic conference pursuant to Rule 26(f) and subsequently submitted a Joint Case Management Report. (Doc. 9). As such, the Court finds that the first step of the good cause standard is satisfied.

---

[2] Defendant is aware of the good cause standard and presumably would have contested this point if it believed Plaintiffs had not been diligent.

- 3 -

### ii.   Noncompliance Notwithstanding Efforts to Comply

Plaintiffs appear to argue their noncompliance with the deadline to amend was due to various disputes and delays in discovery. Specifically, they argue that they did not receive requested phone calls from Defendant until May 2, 2012. (Doc. 28 at 3). Defendant seems to argue that the second step is not satisfied because the evidence from the phone calls should have been apparent to Plaintiffs ahead of the deadline as the phone calls were made to Plaintiffs. (Doc. 31 at 5-6). As such, any amendment to include new allegations could have been made prior to the deadline passing, and any noncompliance was due to Plaintiffs' own failure to comply with the Scheduling Order.

The Court finds that Plaintiffs have shown that noncompliance was due to unforeseen circumstances not foreseeable at the time of the Scheduling Order. Plaintiffs first requested the audio tapes on February 23, 2012 (Doc. 28 at 3) and could not reasonably have anticipated that it would take until May 2, 2012, to receive them, given that Defendant had stated that the calls could "be produced upon request." (Doc. 28-1 at 2). Additionally, that Plaintiffs gave such extension should not be held against them in the diligence analysis. Accordingly, the second step of good cause has been shown.

### iii.   Diligence in Seeking Amendment of Rule 16 Order

The Court finds that Plaintiffs were diligent in seeking amendment of the Scheduling Order. Their Motion for Leave to Amend was filed on May 10, 2012, only eight days after the recordings were disclosed to them. Accordingly, the Court finds the third step of good cause to be shown, and further finds that good cause to modify its Scheduling Order exists.

## III.   RULE 15

Having found good cause for modifying its Scheduling Order, the Court must now determine if Plaintiffs should be given leave to amend.

### A.   Legal Standard

Motions to amend pleadings to add claims or parties are governed by Federal Rule of Civil Procedure 15(a), which provides:

> (1) ***Amending as a Matter of Course.*** A party may amend its pleading

once as a matter of course within:

>(A) 21 days after serving it, or

>(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

>(2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

While the decision to grant or deny a motion to amend is within the discretion of the district court, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) ("A district court's discretion to deny leave to amend . . . is not absolute.") (citing *Foman*); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d. 1466, 1472 (9th Cir. 1987). "In exercising its discretion[,] . . . 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that leave to amend is generally allowed with "extraordinary liberality"). "This liberality . . . is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The extremely liberal policy in favor of amendments, however, is subject to some limitations. The United States Supreme Court has established that motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman*, 371 U.S. at 182; *see SmithKline*

*Beecham*, 245 F.3d at 1052; *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991); *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991); *Cal. Architectural Bldg. Prods.*, 818 F.2d. at 1472; *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs*, 833 F.2d at 186). Significantly, "[t]he party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187; *see Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless the opposing party makes "an affirmative showing of either prejudice or bad faith").

**B.     Discussion**

Plaintiffs argue that leave to amend should be granted, to enable them to add new allegations Plaintiffs became aware of only through discovery conducted after the deadline to amend had passed. They submit that their Motion for Leave to Amend presents none of the reasons justifying denial of such leave.

In response, Defendant contends that leave to amend should be denied because Plaintiffs unduly delayed seeking it, and further, that granting leave to amend would unfairly prejudice Defendant. Because Defendant does not argue and there is evidence of bad faith, futility, or a repeated failure to cure deficiencies, the Court will only determine whether there has been undue delay and whether amendment would prejudice Defendant.

**i.     Undue Delay**

Plaintiffs filed their original complaint on December 5, 2011, their First Amended Complaint on April 4, 2012, and their Motion for Leave to Amend on May 10, 2012. Defendant argues that this roughly five month delay is unreasonable and that Plaintiffs were in possession of the information contained in their amendment at the time their original complaint was filed. While it is necessary for the Court to consider whether Plaintiffs knew or should have known of the facts and theories raised in their proposed amended complaint, this consideration by itself is not dispositive in denying a motion to amend. *See*

1  *Amerisourcebergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (stating
2  that when considering undue delay, courts inquire as to whether the party "knew or should
3  have known the facts and theories raised by the amendment in the original pleading.");
4  *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712–713 (9th Cir. 2001)
5  (stating that "undue delay by itself is insufficient to justify denying a motion to amend.")
6  (citing *Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir.1999)). Generally, a court should make
7  a contemporaneous finding "of prejudice to the opposing party, bad faith by the moving
8  party, or futility of the amendment" when denying a motion to amend on reasons of
9  timeliness.  *DCD Programs*, 833 F.2d at 186–187; *see Eminence Capital, LLC v. Aspeon,*
10 *Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (stating that "it is the consideration of prejudice
11 to the opposing party that carries the greatest weight."). Since there has been no showing of
12 bad faith or futility, the burden is on Defendant to show that it will be prejudiced if the
13 Motion for Leave is granted.  *DCD Programs*, 833 F.2d at 187.

### ii.     Undue Prejudice to the Opposing Party

15     Defendant makes a general assertion that "Plaintiff's [sic] [p]roposed [a]mended
16 [c]omplaint would [u]nfairly [p]rejudice Defendant." (Doc. 31 at 6). Defendant argues that
17 because a significant amount of discovery has already been conducted, and its defense has
18 been proceeding based on the Plaintiffs' first two Complaints, allowing Plaintiffs to amend
19 their complaint would add time and expense to the defense, and thus prejudice Defendant.
20     Plaintiffs responds that Defendant would not be prejudiced because this case is at an
21 early stage of discovery, depositions not having started, and Plaintiffs provided Defendant
22 notice of their intent to move to amend, prior to Defendant making any discovery requests.
23     This case is still in the discovery stage, and only minimal discovery had occurred at
24 the time Plaintiffs filed their Motion for Leave to Amend. Moreover, the new allegations
25 Plaintiffs seek to add in their amended complaint are based on evidence Defendant had in its
26 possession, and arise under the same facts as the previous allegations. Thus,  the prejudicial
27 effect on Defendants prior discovery of granting leave to amend is negligible. Accordingly,
28 because any prejudice would not be undue, any delay in moving to amend is not sufficient

1  for the Court to deny Plaintiffs leave to amend.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting Plaintiffs' Motion for Leave to Amend Their First Amended Complaint. (Doc. 28).

**IT IS FURTHER ORDERED** that Plaintiffs shall file their Second Amended Complaint, currently lodged as Doc. 28-3, within three days of the date of this Order, and shall otherwise comply with LRCiv 15.1.

**IT IS FURTHER ORDERED** that Defendant shall respond to Plaintiffs' amended complaint within ten days of being served.

DATED this 22nd day of June, 2012.

_____
James A. Teilborg
United States District Judge